IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HICA EDUCATION LOAN )
CORPORATION, )
 )
       Plaintiff, )
 )
  v. ) 1:11CV750
 )
DWAYNE D. CALLWOOD, )
 )
       Defendant. )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before the court is Plaintiff's Motion for Summary Judgment (Doc. 12). Plaintiff HICA Education Loan Corp. ("Plaintiff" or "HICA") has filed a brief (Doc. 13) in support of its motion. Defendant Dwayne D. Callwood ("Defendant") has declined to file a response to Plaintiff's Motion for Summary Judgment. However, upon review of the summary judgment pleadings, this court raised, sua sponte, the issue of subject matter jurisdiction.

According to the Complaint, jurisdiction is proper pursuant to 28 U.S.C. § 1331 in that this case arises under the laws of the United States, namely, 42 U.S.C. §§ 294 et seq. (Complaint (Doc. 1) ¶ 3.) However, a number of courts have held that there is no federal jurisdiction for a HICA collection action such as

this case.  As a result, this court requested supplemental briefing from the parties as to the issue of jurisdiction.  Plaintiff filed a brief; Defendant did not file a response.  After careful review of Plaintiff's brief and the applicable law, this court finds that jurisdiction is not present, and this case should be dismissed without prejudice to allow Plaintiff to refile in the proper court.

Federal courts are courts of limited jurisdiction, and this court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010).  Here, although jurisdiction is admitted (see Answer (Doc. 8) ¶ 3), subject-matter jurisdiction "can never be forfeited or waived. . . . [C]ourts . . . have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

Although neither the Fourth Circuit nor a district court in the Fourth Circuit have specifically ruled on this

jurisdictional issue[1], at least two courts have recently determined that there is no subject matter jurisdiction in a case such as this. See HICA Educ. Loan Corp. v. Mittelstedt, No. 12-cv-512-wmc, 2013 WL 2112233 (W.D. Wis. May 15, 2013); HICA Educ. Loan Corp. v. Kotlyarov, No. 11 Civ. 1050(DAB)(FM), 2013 WL 4007582 (S.D.N.Y. Aug. 6, 2013) (Report and Recommendation); and HICA Educ. Loan Corp. v. Kotlyarov, No. 11 Civ. 1050(DAB), 2013 WL 4617424 (S.D.N.Y. Aug. 29, 2013) (Order adopting Recommendation).

Plaintiff argues, with some persuasive force, that the regulatory and statutory framework as to the HICA program and a HICA loan establishes federal question jurisdiction. In support of this proposition, Plaintiff cites a Texas District Court opinion, HICA Educ. Loan Corp. v. Spears, Case No. 4:11-cv-38-A (N.D. Texas 2011). The Spears case was decided in 2011, prior to the Mittelstedt decision, and this court does not find the Spears authority persuasive. Instead, this court finds the reasoning set forth in Mittelstedt persuasive and adopts that reasoning in full. Mittelstedt, 2013 WL 2112233. "HICA's claim

---

[1] At least one district court within the Fourth Circuit has granted default judgment on HICA loans, but it did not specifically address jurisdiction. See HICA Educs. Loan Corp. v. Assadi, Civil Action No. WMN-12-216, 2012 WL 3156828 (D. Md. Aug. 1, 2012).

in this action presents no discernible federal issue at all, let alone one that either is disputed or substantial. Rather, the sole issue in the case is whether HICA is entitled to collect on [Defendant's] two defaulted promissory notes." HICA v. Kotlyarov, 2013 WL 40075822, at *2.

Although it is undisputed that Plaintiff is entitled to relief on the collection for nonpayment, this court does not find that subject-matter jurisdiction is vested in this court. Accordingly, this court finds this case should be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.** A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 30th day of September, 2013.

/s/ William L. Osteen, Jr.
United States District Judge